**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Tel: (805) 322-3412
Fax: (805) 322-3413

**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles, California 90036
Tel: (323) 937-9900
Fax: (323) 937-9910

Attorneys for Plaintiff, the Classes,
and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE A. VEGA, as an individual, and on behalf of all others similarly situated, | CASE NO. |
| | **CLASS, COLLECTIVE AND REPRESENTATIVE ACTION COMPLAINT:** |
| Plaintiff, | **(1)  FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);** |
| vs. | |
| WEATHERFORD U.S., LIMITED PARTNERSHIP, a Louisiana limited partnership; WEATHERFORD ARTIFICIAL LIFT SYSTEMS, LLC, a Delaware limited liability company; and DOES 3 through 10, | **(2)  FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*);** |
| | **(3)  MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, AND 1197);** |
| | **(4)  MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558);** |
| Defendants. | |
| | **(5)  REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516** |

**AND 558);**

**(6) WAGE STATEMENT PENALTIES (LABOR CODE § 226 et seq.);**

**(7) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**

**(8) UNFAIR COMPETITION (BUS & PROF CODE § 17200 et seq.);**

**(9) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 et seq.)**

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

Plaintiff Stephanie A. Vega ("Plaintiff") on behalf of herself and all others similarly situated, hereby brings this Class, Collective and Representative Action Complaint against Defendants Weatherford U.S., Limited Partnership, a Louisiana limited partnership, Weatherford Artificial Lift Systems, LLC, a Delaware limited liability company, and DOES 3 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of herself and all others similarly situated, hereby brings this class, collective, and representative action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, et. seq., Labor Code §§ 201-204, 226 et seq., 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 et seq., and California Industrial Welfare Commission Wage Order No. 16-2001 ("Wage Order 16"), in addition to seeking injunctive relief, declaratory relief and restitution.

2.      This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law.  This Court has jurisdiction over Defendants' violations

1  of the Labor Code sections set forth in the immediately preceding paragraph,

2  California Business and Professions Code and Wage Order 16, because these

3  claims derive from the same common nucleus of operative facts.

### VENUE

5     3.     Venue is proper under 28 U.S.C. 1391 because Defendants do

6  business within the Northern District of California.  Defendants are also subject to

7  the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at

8  least some of them operate businesses within the Northern District of California.

### PARTIES

10     4.     Plaintiff is an individual over the age of eighteen (18).  At all relevant

11  times herein, Plaintiff was a California resident, residing in the county of Kern.

12  During the four years immediately preceding the filing of the Complaint in this

13  action and within the statute of limitations periods applicable to each claim pled

14  herein, Plaintiff was employed by Defendants as an hourly non-exempt employee.

15  Plaintiff was, and is, a victim of Defendants' policies and/or practices complained

16  of herein, lost money and/or property, and has been deprived of the rights

17  guaranteed to her by the FLSA, California Labor Code §§ 201-204, 226 *et seq.*,

18  510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, California

19  Business and Professions Code § 17200 *et seq.* (Unfair Competition), and Wage

20  Order 16, which sets employment standards for the construction, drilling, logging

21  and mining industries.

22     5.     Plaintiff is informed and believes, and based thereon alleges, that

23  during the four years preceding the filing of the Complaint and continuing to the

24  present, Defendants did (and do) business by operating an oil and gas drilling and

25  equipment services company with facilities within the Northern District of

26  California and the United States, and therefore, were (and are) doing business in

27  the Northern District of California and the State of California.

28     6.     Defendant Weatherford U.S., Limited Partnership, founded in 1972

3

and based in Houston, Texas, provides oil well drilling equipment and services.
Defendant Weatherford Artificial Lift Systems, also based in Houston, Texas,
provides oil and gas drilling equipment and production services. Collectively, the
two entities operate approximately 10 facilities in California and more than 20
additional facilities across the United States. Both Defendants operate as
subsidiaries of Weatherford International Ltd., one of the world's largest oilfield
service companies with more than 44,000 employees in over 100 countries.

7.     Plaintiff is informed and believes, and thereon alleges, that at all times
mentioned herein, Defendants were licensed to do business in California and
within the Northern District of California, and were the employers of Plaintiff and
the Classes (as defined in Paragraph 16).

8.     Plaintiff does not know the true names or capacities, whether
individual, partner, or corporate, of the Defendants sued herein as DOES 3 to 10,
inclusive, and for that reason, said Defendants are sued under such fictitious
names, and Plaintiff will seek leave from this Court to amend this Complaint when
such true names and capacities are discovered. Plaintiff is informed, and believes,
and thereon alleges, that each of said fictitious Defendants, whether individual,
partners, agents, or corporate, was responsible in some manner for the acts and
omissions alleged herein, and proximately caused Plaintiff and the Classes to be
subject to the unlawful employment practices, wrongs, injuries and damages
complained of herein.

9.     At all times herein mentioned, each of said Defendants participated in
the doing of the acts hereinafter alleged to have been done by the named
Defendants; and each of them, were the agents, servants, and employees of each
and every one of the other Defendants, as well as the agents of all Defendants, and
at all times herein mentioned were acting within the course and scope of said
agency and employment. Defendants, and each of them, approved of, condoned,

1  and/or otherwise ratified each and every one of the acts or omissions complained

2  of herein.

3      10.    At all times mentioned herein, Defendants, and each of them, were

4  members of and engaged in a joint venture, partnership, and common enterprise,

5  and acting within the course and scope of and in pursuance of said joint venture,

6  partnership, and common enterprise.  Further, Plaintiff alleges that all Defendants

7  were joint employers for all purposes of Plaintiff and all Class Members.

8              **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

9      11.    Plaintiff was employed by Defendants as a non-exempt, hourly

10  employee at Defendants' Bakersfield California location, beginning in

11  approximately September 2011 until September, 2013 when she was promoted to

12  an exempt position, which she remained in until approximately May 12, 2014.

13      12.    During Plaintiff's employment with Defendants as a non-exempt

14  employee, she regularly worked shifts in excess of 8 hours per day and/or 40 hours

15  per week.  In addition, she received various forms of non-discretionary incentive

16  pay, such as well bonuses, referral bonuses, "sick prior yr," and/or other forms of

17  pay which are not excludable under California Law and the FLSA when

18  calculating an employee's regular rate (hereinafter the aforementioned forms of

19  pay are collectively referred to as "Incentive Pay").

20      13.    Despite Defendants' payment of Incentive Pay to Plaintiff,

21  Defendants failed to include all forms of Incentive Pay when calculating Plaintiff's

22  regular rate of pay, thereby causing Plaintiff to be underpaid all of her required

23  overtime wages.   Rather, Plaintiff was only paid one and a half times her base rate,

24  which was not equal to the regular rate, as Defendants failed to include the various

25  forms of Incentive Pay earned during corresponding periods that were required to

26  be included in the regular rate, but were not.

27      14.    Additionally, throughout Plaintiff's employment, Defendants

28  employed a policy or practice of rounding employees' hours to the nearest quarter

1    of an hour. Because the rounding mechanism utilized by Defendants is not even-

2    handed over time, it has unfairly benefited Defendants and deprived Plaintiff of all

3    minimum wages and additional overtime wages which she is owed and is therefore

4    unlawful.

5        15.    In addition, Plaintiff is informed and believes, and based thereon

6    alleges, that Defendants failed to provide and make available, respectively, all

7    meal and rest breaks to which Plaintiff was entitled, due to Defendants' failure to

8    maintain lawful meal and rest break policies. Moreover, Defendants maintain a

9    practice of requiring Plaintiff and other non-exempt hourly employees to work

10   shifts in excess of 12 hours with no off-duty meal periods, in violation of

11   California law. Despite Defendants' failure to provide Plaintiff with all meal and

12   rest breaks to which she was legally entitled, Defendants never provided Plaintiff

13   with the premium pay required by Labor Code § 226.7.

14       16.    As a result of the foregoing violations, Defendants maintained

15   inaccurate payroll records, issue inaccurate wage statements to Plaintiff and failed

16   to timely pay Plaintiff all final wages due at the time of her separation from

17   Defendants' employment.

18       17.    Class Definitions: Plaintiff brings this action on behalf of herself and

19   the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and

20   the FLSA:

21       a.     The California Overtime Class consists of all Defendants' current and

22   former hourly non-exempt employees in California who: (a) received Incentive

23   Pay and overtime compensation during a corresponding time period; and/or (b)

24   were not paid for all overtime hours worked due to Defendants' rounding

25   policies/practices, during the four years immediately preceding the filing of the

26   Complaint through the present.

27       b.     The FLSA Overtime Class consists of all Defendants' current and

28   former hourly non-exempt employees throughout the United States, who: (a)

received Incentive Pay and overtime compensation during a corresponding time period; and/or (b) were not paid for all overtime hours worked due to Defendants' rounding policies/practices, during the three years immediately preceding the filing of the Complaint through the present.

c.     The Minimum Wage Class consists of all of Defendants' current and former hourly non-exempt employees who were not paid for all hours actually worked due to Defendants' rounding policy/practice, during the four years immediately preceding the filing of the Complaint through the present.

d.     The Meal Period Class consists of all Defendants' current and former hourly non-exempt employees in California who were not provided with all legally required meal periods due to Defendant's failure to maintain a lawful meal period policy, and/or use of on-duty meal period agreements, during the four years immediately preceding the filing of the Complaint through the present.

e.     The Rest Period Class consists of all Defendants' current and former hourly non-exempt employees in California who were not provided with all legally required rest periods due to Defendant's failure to maintain a lawful rest period policy, during the four years immediately preceding the filing of the Complaint through the present.

f.     The Wage Statement Class consists of all members of the: (a) California Overtime Class; (b) Minimum Wage Class; (c) Meal Period Class; and/or (d) Rest Period Class, during the one year immediately preceding the filing of the Complaint through the present.

g.     The Waiting Time Penalty Class consists of all formerly employed members of the: (a) California Overtime Class; (b) Minimum Wage Class; (c) Meal Period Class; and/or (d) Rest Period Class, who separated their employment from Defendants during the three years immediately preceding the filing of the Complaint through the present.

7

18.     **Numerosity/Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than one-thousand (1,000) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

19.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.      Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.     Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.    Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Classes violated California law and/or the FLSA;

iv.     Whether the rounding policies/procedures utilized by Defendants were even handed over time over the course of the relevant time period;

v.      Whether Defendants maintained a legally compliant meal period policy during the relevant time period;

vi.     Whether Defendants' use of on-duty meal period agreements violated California law;

vii.    Whether Defendants maintained a legally compliant rest period policy during the relevant time period;

Class, Collective and Representative Action Complaint

viii.   Whether Defendants' policies and/or practices for the timing and amount of payment of final wages at the time of separation from employment were unlawful;

ix.   Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code 226.

20.   **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating overtime payments for the members of the California and FLSA Overtime Classes.  As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

21.   **Typicality:**  The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as an hourly non-exempt employee in California and the United States during the statutes of limitation applicable to each claim pled in the Complaint in this action.  As alleged herein, Plaintiff, like the members of the Classes, was deprived of all minimum, overtime and premium wages, was not provided with all legally compliant meal and rest periods, and was furnished with inaccurate and incomplete wage statements, and was not provided with all wages owed at the time of her separation from Defendants' employment.

22.   **Adequacy of Representation:**  Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.  Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff.  Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and

9

1  federal courts in the past and are committed to vigorously prosecuting this action

2  on behalf of the members of the classes.

3      23.  **Superiority:**  The California Labor Code is broadly remedial in

4  nature and serves an important public interest in establishing minimum working

5  conditions and standards in California.  Similarly, the FLSA is remedial in nature

6  and serves an important public interest in establishing minimum working

7  conditions and standards through the United States.  These laws and labor

8  standards protect the average working employee from exploitation by employers

9  who have the responsibility to follow the laws and who may seek to take advantage

10  of superior economic and bargaining power in setting onerous terms and conditions

11  of employment.  The nature of this action and the format of laws available to

12  Plaintiff and members of the Classes make the class action format a particularly

13  efficient and appropriate procedure to redress the violations alleged herein.  If each

14  employee were required to file an individual lawsuit, Defendants would necessarily

15  gain an unconscionable advantage since they would be able to exploit and

16  overwhelm the limited resources of each individual plaintiff with their vastly

17  superior financial and legal resources.  Moreover, requiring each member of the

18  Classes to pursue an individual remedy would also discourage the assertion of

19  lawful claims by employees who would be disinclined to file an action against their

20  former and/or current employer for real and justifiable fear of retaliation and

21  permanent damages to their careers at subsequent employment.  Further, the

22  prosecution of separate actions by the individual Class Members, even if possible,

23  would create a substantial risk of inconsistent or varying verdicts or adjudications

24  with respect to the individual Class Members against Defendants herein; and which

25  would establish potentially incompatible standards of conduct for Defendants;

26  and/or legal determinations with respect to individual Class Members which

27  would, as a practical matter, be dispositive of the interest of the other Class

28  Members not parties to adjudications or which would substantially impair or

impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

24.    As such, the Rule 23 Classes identified in Paragraph 16 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

## FIRST CLAIM

## FAILURE TO PAY OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

25.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

26.    This claim is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

27.    Plaintiff and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate.  At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 16.  Wage Order 16, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 16, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each

1   work day and/or for work in excess of 8 hours on the seventh consecutive day of

2   work in the workweek.

3       28.     Plaintiff is informed and believes, and based thereon alleges that,

4   Defendants regularly and systematically, as a policy and practice, miscalculated

5   the overtime rate of pay by failing to properly include the various forms of

6   Incentive Pay paid to Plaintiff and members of the California Overtime Class,

7   which are not statutory exclusions when calculating an employee's regular rate of

8   pay.  Rather, Plaintiff and members of the California Overtime Class were only

9   paid one and a half times their base rate, which was not equal to the regular rate, as

10  Defendants failed to include the various forms of Incentive Pay earned during

11  corresponding periods that were required to be included in the regular rate, but

12  were not.  In addition, Defendants also unlawfully rounded the hours worked by

13  Plaintiff and members of the California Overtime Class such that these individuals

14  were not paid for all overtime hours worked.  Nor is or was Defendants' method of

15  rounding even-handed over time, so as to make it a lawful rounding system.

16  Accordingly, Plaintiff and members of the California Overtime Class were not

17  compensated at the appropriate rates of overtime pay for all overtime hours

18  worked.

19      29.     Defendants' policy and practice of requiring overtime work and not

20  paying at the proper overtime rates for said work violates California Labor Code

21  §§ 204, 210, 510, 558, 1194, and 1198, and Wage Order 16.

22      30.     Plaintiff is informed and believes and thereon alleges that the job

23  duties and responsibilities of the California Overtime Class are irrelevant because

24  Plaintiff and all others similarly situated merely allege wrongdoing with

25  Defendants' pay policies and practices as to calculating the applicable overtime

26  rates of pay for overtime worked by members of the California Overtime Class.

27      31.     The foregoing policies and practices are unlawful and create an

28  entitlement to recovery by Plaintiff and members of the California Overtime Class

1  in a civil action for the unpaid amount of overtime premiums owing, including

2  interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit

3  according to California Labor Code §§ 204, 210, 510, 558, 1194, 1198, 2698 *et*

4  *seq.*, and Code of Civil Procedure § 1021.5.

## SECOND CLAIM

### FLSA VIOLATIONS

### (AGAINST ALL DEFENDANTS)

8      32.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through

9  31 as though fully set forth herein.

10      33.     This claim is brought pursuant to 29 U.S.C. § 207, which requires

11  employers to pay all non-exempt employees one and one-half times the regular rate

12  of pay for all hours worked in excess of 40 per workweek.

13      34.     Plaintiff and members of the FLSA Overtime Class worked in excess

14  of 40 hours per workweek, earned overtime compensation, and received various

15  forms of Incentive Pay, which are not exclusions when calculating the regular rate

16  of pay.

17      35.     Plaintiff is informed and believes, and based thereon alleges that,

18  Defendants regularly and systematically, as a policy and practice, miscalculated

19  the overtime rate of pay by failing to properly include the various forms of

20  Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which

21  are not statutory exclusions when calculating an employee's regular rate of pay.

22  Rather, Plaintiff and members of the FLSA Overtime Class were only paid one and

23  a half times their base rate, which was not equal to the regular rate, as Defendants

24  failed to include the various forms of Incentive Pay earned during corresponding

25  periods that were required to be included in the regular rate, but were not.

26  Accordingly, Plaintiff and members of the FLSA Overtime Class were not

27  compensated at the appropriate rates of overtime pay for all hours worked.

28

36.   Moreover, Defendants regularly, systematically, and impermissibly rounded the hours worked by Plaintiff and members of the FLSA Overtime Class to Defendants' benefit, which resulted, over a period of time, in the failure to properly compensate them for all overtime hours worked.  Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated for all overtime hours worked, nor were they compensated at the correct overtime rates of pay for all overtime hours worked.

37.   Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

38.   Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

39.   Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiff and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

### THIRD CLAIM

### MINIMUM WAGE VIOLATIONS

### (AGAINST ALL DEFENDANTS)

40.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41.   Wage Order 16, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.  Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and

14

costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.  At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and members of the Minimum Wage Class for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 16.

42.     Plaintiff is informed and believes, and based thereon alleges, that Defendants unlawfully rounded the hours worked by Plaintiff and members of the Minimum Wage Class such that these individuals were not paid for all hours worked.  Nor is or was Defendants' method of rounding even-handed over time, so as to make it a permissible rounding system.

43.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 16.

44.     Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 558, 1194 *et seq.*, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

///

///

///

Class, Collective and Representative Action Complaint

## FOURTH CLAIM

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

45.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46.     Plaintiff is informed and believes that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with timely, duty-free, uninterrupted thirty-minute meal periods in accordance with the mandates of the California Labor Code and Wage Order 16.  As such, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 16.

47.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay Plaintiff and members of the Meal Period Class the premium pay required in Labor Code § 226.7 and Wage Order 16 when they were not provided with a legally-compliant meal period or meal periods, and in those instances where Defendants did make a purported meal period premium payment, such meal period premium was not paid at the employees' regular rate of pay due to Defendants' miscalculation of the regular rate.  As a result, Defendants owe Plaintiff and members of the Meal Period Class additional compensation pursuant to Labor Code § 226.7 and Wage Order 16, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

## FIFTH CLAIM

## REST PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49.     Wage Order 16, § 11 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

50.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to make all required rest periods available to all of their hourly non-exempt employees, including Plaintiff and members of the Rest Period Class, in accordance with the mandates of the California Labor Code and Wage Order 16.  As such, Defendants are responsible for paying premium compensation for rest period violations pursuant to Labor Code §§ 226.7, 516, and 558, and Wage Order 16.

51.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay Plaintiff and members of the Rest Period Class the premium pay required in Labor Code § 226.7 and Wage Order 16 when they were not provided with a legally-compliant rest period or rest periods, and in those instances where Defendants did make a purported rest period premium payment, such rest period premium was not paid at the employees' regular rate of pay due to Defendants' miscalculation of the regular rate.  As a result, Defendants owe Plaintiff and members of the Rest Period Class additional compensation pursuant to Labor Code § 226.7 and Wage Order 16, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

## SIXTH CLAIM

### WAGE STATEMENT PENALTIES

### (AGAINST ALL DEFENDANTS)

52.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53.     Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish her and the members of the Wage Statement Class with

17

accurate and complete wage statements showing their correct total hours worked, rates of pay, rates of overtime pay, total gross wages earned, total net wages earned and all missed meal and rest period premium payments at the correct rates of pay in violation of Labor Code § 226.

54.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime and minimum wages, meal and rest period premiums, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

55.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3.

## SEVENTH CLAIM

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

56.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57.     This claim is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

58.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Penalty Class all final wages due to them at the time of their separation which includes, among other things, underpaid overtime and minimum wages, in addition to meal and rest period premiums.  Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members of the Waiting Time Penalty Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

59.     Defendants' wilful failure to timely pay Plaintiff and the members of the Waiting Time Penalty Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Penalty Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## EIGHTH CLAIM

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

60.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay Plaintiff and the Classes all overtime and minimum wages; knowingly failing to furnish and provide accurate and complete wage statements in violation of Labor Code § 226, wilfully failing to timely pay all final wages upon termination of employment; and failing to provide

all legally required meal and rest periods or make premium payments in lieu thereof.

62.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

63.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff, for herself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

64.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

65.     Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution, and to enforce important rights affecting the public interest.  Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

## NINTH CLAIM

## PRIVATE ATTORNEYS GENERAL ACT

## (AGAINST ALL DEFENDANTS)

66.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65 as though fully set forth herein.

67.     Defendants have committed several Labor Code violations against Plaintiff, members of the Classes, and other similarly aggrieved employees.

68.     Plaintiff, as an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of herself and other similarly aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to Plaintiff, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

   a. Failing to pay Plaintiff, the Overtime Pay Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 1194, 1198;

   b. Failing to pay minimum wages for all hours worked to Plaintiff, the Minimum Wage Class, and other similarly aggrieved employees in violation of Labor Code §§ 204, 1194 *et seq.* and 1197;

   c. Failing to provide legally complaint meal periods or pay meal period premiums to Plaintiff, the Meal Period Class, and other similarly aggrieved employees at these employees' regular rate of pay in violation of Labor Code §§ 226.7, 512, and 558;

   d. Failing to make legally compliant rest periods available or pay rest period premiums to Plaintiff, the Rest Period Class, and other similarly aggrieved employees at these employees' regular rates of pay in violation of Labor Code §§ 226.7, 516, and 558;

   e. Failing to furnish Plaintiff, the Wage Statement Class, and other similarly aggrieved employees, with complete, accurate, itemized wage statements in violation of Labor Code § 226;

   f. Failing to timely pay all final wages and compensation earned by Plaintiff, the Waiting Time Class, and other similarly aggrieved

Class, Collective and Representative Action Complaint

1    employees at the time of termination in violation of Labor Code §§

2    201 – 203;

3        g.  Failing to maintain accurate records on behalf of Plaintiff and other

4        similarly aggrieved employees, in violation of Labor Code § 1174.

5    69.    On or about August 26, 2014, Plaintiff notified Defendants and the

6    California Labor and Workforce Development Agency ("LWDA") via certified

7    mail of Defendants' violations of the California Labor Code identified in

8    Paragraph 68 (a)-(g) and Plaintiff's intent to bring a claim for civil penalties under

9    California Labor Code § 2698 et seq.  Once thirty-three days have passed from

10   Plaintiff having provided the aforementioned notice to the LWDA and Defendants,

11   Plaintiff will have exhausted her pre-filing requirements under Labor Code §

12   2699.3.

13   70.    Plaintiff was compelled to retain the services of counsel to file this

14   court action to protect her interests, that of the members of the Classes, and other

15   similarly aggrieved employees, and to assess and collect the civil penalties owed

16   by Defendants.  Plaintiff has thereby incurred attorneys' fees and costs, which she

17   is entitled to recover under California Labor Code § 2699.

18   **PRAYER**

19   WHEREFORE, Plaintiff prays for judgment for herself and for all others on

20   whose behalf this suit is brought against Defendants, jointly and severally, as

21   follows:

22   1.  For an order certifying the proposed Classes;

23   2.  For an order appointing Plaintiff as representative of the Classes;

24   3.  For an order appointing Counsel for Plaintiff as Counsel for the

25       Classes;

26   4.  Upon the First Claim, for compensatory, consequential, general and

27       special damages according to proof pursuant to Labor Code §§ 204,

28       510, 558, 1194, and 1198;

5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6. Upon the Third Claim for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 204, 558, 1194, 1194.2 and 1199;

7. Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

8. Upon the Fifth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516 and 558;

9. Upon the Sixth Claim, for statutory wage statement penalties pursuant to Labor Code § 226;

10. Upon the Seventh Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

11. Upon the Eighth Claim, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

12. Upon the Ninth Claim, for civil penalties due to Plaintiff, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount sufficient to recover the unpaid wages and; (2) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5;

13. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

14. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 1194 *et seq.* and Code of Civil Procedure § 1021.5;

15. For such other and further relief the Court may deem just and proper.

Respectfully submitted,
Dated:  August 28, 2014          BALTODANO & BALTODANO LLP

By: _____
      Hernaldo J. Baltodano
      Attorneys for Plaintiff, the Classes and
      Aggrieved Employees

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated:  August 28, 2014          BALTODANO & BALTODANO LLP

By: _____
      Hernaldo J. Baltodano
      Attorneys for Plaintiff, the Classes and
      Aggrieved Employees

Class, Collective and Representative Action Complaint

**CONSENT OF PLAINTIFF STEPHANIE A. VEGA**
**RE CONSENT TO SUE**

I, Stephanie A. Vega, declare:

1.      I am a Plaintiff in the above-captioned action.  The following is of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      I hereby consent to be joined in this suit against Weatherford U.S., Limited Partnership, a Louisiana limited partnership; Weatherford Artificial Lift Systems, LLC, a Delaware limited liability company; and DOES 3 to 10 under the Fair Labor Standards Act, 29 U.S.C. §§ 206 *et seq.*, for unpaid overtime wages and other relief available under the Act.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2014 in Shafter, California.

Stephanie A. Vega