1  MICHELLE B. HEVERLY, Bar No. 178660
KARIN M. COGBILL, Bar No. 244606
2  KYLE K. MATARRESE, Bar No. 271689
SOPHIA BEHNIA, Bar No. 289318
3  LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
4  San Francisco, CA  94108-2693
Telephone: (415) 433-1940
5  Facsimile: (415) 399-8490
Email: mheverly@littler.com
6          kcogbill@littler.com
          kmatarrese@littler.com
7          sbehnia@littler.com

8  ROBERT W. PRITCHARD, PA Bar No.
76979 *(pro hac vice)*
9  LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
10 Pittsburgh, PA  15222
Telephone: (412) 201-7600
11 Facsimile: (412) 456-2377
Email: rpritchard@littler.com
12
Attorneys for Defendants
13 WEATHERFORD U.S. and
WEATHERFORD ARTIFICIAL LIFT
14 SYSTEMS, LLC.

HERNALDO J. BALTODANO, Bar No. 222286
hjb@bbemploymentlaw.com
ERICA FLORES BALTODANO, Bar No. 222331
efb@bbemploymentlaw.com
BALTODANO & BALTODANO LLP
1411 Marsh Street, Suite 102
San Luis Obispo, CA 93401
Telephone: 805.322.3412
Fax No.:    805.322.3413

Co-Counsel for Plaintiff
STEPHANIE VEGA

PAUL K. HAINES, Bar No. 248226
phaines@bollaw.com
FLETCHER W. SCHMIDT, Bar No. 286462
fschmidt@bollaw.com
BOREN, OSHER & LUFTMAN LLP
222 N. Sepulveda Blvd., Suite 2222
El Segundo, CA 90245
Telephone:  323. 937.9900
Fax No.:    323. 937-9910

Co-Counsel for Plaintiff
STEPHANIE VEGA

15
16                  UNITED STATES DISTRICT COURT

17              EASTERN DISTRICT OF CALIFORNIA

18 STEPHANIE A. VEGA, as an individual,
and on behalf of all others similarly
19 situated,

20              Plaintiff,

21       v.

22 WEATHERFORD U.S., LIMITED
PARTNERSHIP, a Louisiana limited
23 partnership; WEATHERFORD
ARTIFICIAL LIFT SYSTEMS, LLC, a
24 Delaware limited liability company; and
DOES 3 through 10,
25
              Defendants.
26

Case No.  14-1790 JLT

**STIPULATION WITHDRAWING
MOTION TO DISMISS, DISMISSING
SECOND CAUSE OF ACTION AS TO
ROUNDING, DIMISSING THIRD CAUSE
OF ACTION, AND GRANTING MOTION
FOR CONDITIONAL CERTIFICATION;
[~~PROPOSED~~] ORDER**

(Docs. 31, 33, 37)

27
28

LITTLER MENDELSON, P.C.
650 California St.
20th Floor
San Francisco, CA  94108
415.433.1940

STIPULATION WITHDRAWING MOTION TO
DISMISS; PROPOSED ORDER THEREON

Case No. 14-1790-JLT

Plaintiff STEPHANIE VEGA ("Plaintiff") and Defendants WEATHERFORD U.S. AND WEATHERFORD ARTIFICIAL LIFT SYSTEMS, LLC (collectively "Defendants") (collectively, "the Parties"), by and through their respective counsel, stipulate and agree to the following:

WHEREAS, Plaintiff filed her First Amended Complaint ("FAC") on March 17, 2015 (Dkt. 26);

WHEREAS, Plaintiff filed a Motion for Conditional Certification on April 3, 2015 (Dkt. 31);

WHEREAS, Defendants filed a Motion to Dismiss Plaintiff's FAC on April 14, 2015 (Dkt. 33);

WHEREAS, the Parties have met and conferred regarding Defendants' Motion to Dismiss and Plaintiff's Motion for Conditional Certification;

WHEREAS, on April 14, 2015, Defendants provided Plaintiff with evidence that her time records were not rounded, but made no representations as to the other non-exempt employees of the putative minimum wage and overtime classes;

WHEREAS, Plaintiff has agreed to withdraw and to not pursue her "rounding" claim as alleged in the FAC. Specifically, Plaintiff agrees, through this Stipulation and Order, to dismiss her Third Claim for Minimum Wage violations under California state law (FAC ¶¶ 42-46), as that claim is based solely on a rounding theory of liability. The Stipulated Dismissal is with prejudice as to Plaintiff and without prejudice as to any other putative class member. With respect to Plaintiff's First Claim for Failure To Pay Overtime Wages, Plaintiff agrees, through this Stipulation and Order, to dismiss any claim founded on a rounding theory of liability (FAC ¶¶15, 30 at 14:3-7). The Stipulated Dismissal is with prejudice as to Plaintiff and without prejudice as to any other putative class member. Further, with respect to Plaintiff's Second Claim for FLSA violations, Plaintiff agrees, through this Stipulation and Order, to dismiss any portion of that claim founded on a rounding theory of liability (FAC ¶¶15, 38). The Stipulated Dismissal is with prejudice as to Plaintiff and without prejudice as to any other putative class member.

WHEREAS, Plaintiff confirms that her only remaining FLSA claim in this action is her claim that Defendants underpaid overtime wages by miscalculating the regular rate of pay by failing

LITTLER MENDELSON, P.C.
650 California St.
20th Floor
San Francisco, CA 94108
415.433.1940

STIPULATION WITHDRAWING MOTION TO
DISMISS; PROPOSED ORDER THEREON                    1.                    Case No. 14-1790-JLT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to incorporate Wellness Bonuses in the regular rate for purposes of calculating overtime under the FLSA (FAC ¶¶ 13-14,  34-41).

WHEREAS, in light of the foregoing Stipulated Dismissals, the Parties agree that Defendants' pending Motion to Dismiss the "rounding" claims on the grounds that they were not adequately pled is rendered moot and is hereby withdrawn.

WHEREAS, the Parties hereby stipulate to Conditional Certification under the FLSA, 29 U.S.C. § 216(b), on the terms set forth in this stipulation.  While Defendants do not concede that Plaintiff and the members of the putative collective action are "similarly situated" pursuant to 29 U.S.C. § 216(b) or that the case is properly certified for trial or other dispositive purposes, the Parties have agreed to "first step" conditional certification of current or former non-exempt employees of Defendants throughout the United States who received Wellness Bonus(es) at any time on or after March 31, 2012 and who also earned overtime compensation during the year corresponding to the Wellness Bonus(es).  Such eligible individuals ("potential opt-in plaintiffs") shall be given notice of this action and an opportunity to file written consents to join this action as party plaintiffs in accordance with the provisions of 29 U.S.C. § 216(b) as follows:

1.      Within ten (10) business days following the Court's approval of this Stipulation and Order, Defendants will provide to the claims administrator to be designated by the Parties, an Excel spreadsheet listing the names and last known mailing addresses of potential opt-in plaintiffs.

2.      Within ten (10) days following the claims administrator's receipt of the list, the claims administrator shall mail the notice and consent form (in the forms attached hereto as Exhibits A and Exhibit B respectively).  The notice and consent form shall be mailed by First Class U.S. Mail.

3.      If notice is returned as undeliverable as to a potential opt-in plaintiff, the following procedure, which will provide sufficient time for such individual to meet the deadline for filing written consents to join this litigation set forth in Paragraph 9, shall be followed to permit one re-mailing to such individual whose notices were returned as undeliverable:

a.      Within five (5) business days of receipt by the claims administrator of

LITTLER MENDELSON, P.C.
650 California St.
20th Floor
San Francisco, CA  94108
415.433.1940

STIPULATION WITHDRAWING MOTION TO DISMISS; ~~PROPOSED~~ ORDER THEREON
2.
Case No. 14-1790-JLT

information that a notice mailed to a potential opt-in plaintiff was returned as undeliverable, the claims administrator shall conduct a search of the National Change of Address database and shall re-mail the returned notice to the new address (if located), provided that such re-mailing can take place prior to the deadline for filing written consents to join this litigation as set forth in Paragraph 6. The individual will then be given until the deadline set forth in Paragraph 6, to file a written consent to join the litigation.

b.     The deadline for filing written consents to join this litigation set forth in Paragraph 6 shall only be extended by written agreement of Plaintiff and Defendants or by Court order for good cause shown.

4.     Thirty (30) days after the claims administrator mails the notice and consent form, the claims administrator shall mail a reminder postcard (in the form attached hereto as Exhibit C), to those individuals who have not yet returned a notice and consent form to the claims administrator. No reminder postcard shall be mailed to those individuals who have already submitted a consent form or have expressed the affirmative intent to opt-out of the class.

5.     Although the Parties have agreed to a three-year notice period, Defendant is not agreeing to a three-year statute of limitations on any Plaintiff or "opt in" Plaintiff's claim. *See* 29 U.S.C. § 255(a). Defendants reserve all rights with respect to the Statute of Limitations (29 U.S.C. § 255(a)).

6.     The deadline for potential opt-in plaintiffs to return to the claims administrator written consents to join this litigation shall be seventy-five (75) days from the date on which the notice and consent form are mailed as set forth in paragraph 2 above. In the event that a notice and consent form are re-mailed pursuant to the procedures as set forth in paragraph 3 above, the individual shall have forty-five (45) days from the date of re-mailing or to the original consent deadline (seventy-five days from the original mailing), whichever is later, to consent to join the action.

7.     Within five (5) business days of the closure of the claims period, the claims

LITTLER MENDELSON, P.C.
650 California St.
20th Floor
San Francisco, CA 94108
415.433.1940

STIPULATION WITHDRAWING MOTION TO
DISMISS; ~~PROPOSED~~ ORDER THEREON

3.

Case No. 14-1790-JLT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

administrator shall provide to both parties a list of those individuals who have submitted a timely and valid consent to join the lawsuit, along with the complete contact information for those individuals including, to the extent available, telephone numbers, email addresses, and home addresses.

NOW THEREFORE, THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AND AGREE AS FOLLOWS:

a.      That Plaintiff hereby withdraws and will not pursue her "rounding" claim as alleged in the FAC;

b.      Plaintiff hereby dismisses her Third Claim for Minimum Wage violations under California state law (FAC ¶¶ 42-46), as that claim is based solely on a rounding theory of liability. The Stipulated Dismissal is with prejudice as to Plaintiff and without prejudice as to any other putative class member.

c.      With respect to Plaintiff's First Claim for Failure To Pay Overtime Wages, Plaintiff hereby dismisses any portion of that claim founded on a rounding theory of liability (FAC ¶¶15, 30 at 14:3-7).  The Stipulated Dismissal is with prejudice as to Plaintiff and without prejudice as to any other putative class member.

d.      With respect to Plaintiff's Second Claim for FLSA violations, Plaintiff hereby dismisses any portion of that claim founded on a rounding theory of liability (FAC ¶¶15, 38).  The Stipulated Dismissal is with prejudice as to Plaintiff and without prejudice as to any other putative class member.

e.      Plaintiff hereby confirms that her only remaining FLSA claim in this action is her claim that Defendants underpaid overtime wages by miscalculating the regular rate of pay by failing to incorporate Wellness Bonuses in the regular rate for purposes of calculating overtime under the FLSA (FAC ¶¶ 13-14,  34-41).

f.      That in light of the foregoing Stipulated Dismissals, the Parties agree that Defendants' pending Motion to Dismiss the "rounding" claims on the grounds that they were not adequately pled is rendered moot and is hereby withdrawn; and

LITTLER MENDELSON, P.C.
650 California St.
20th Floor
San Francisco, CA  94108
415.433.1940

STIPULATION WITHDRAWING MOTION TO DISMISS; ~~PROPOSED~~ ORDER THEREON                4.                Case No. 14-1790-JLT

g.      That Plaintiff's Motion for Conditional Certification is GRANTED in part and the parties stipulate to conditional certification of the following class:

> All current and former non-exempt hourly employees of Weatherford U.S. Partnership and Weatherford Artificial Lift Systems LLC, throughout the United States who received wellness bonuses and earned overtime wages during the corresponding year during which these wellness bonuses were earned, but were not included in the regular rate of pay for overtime purposes, from March 31, 2012 to the present.

The parties respectfully request that the Court approve the parties' stipulation regarding Plaintiff's Motion for Conditional Certification (Dkt. 31) and the foregoing notice and consent procedures.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 30, 2015          _____
                               Attorneys for Plaintiff

DATED: April 30, 2015          _____/s/ Sophia Behnia_____
                               Attorneys for Defendant

## ORDER

Based upon the stipulation of the parties, the Court **ORDERS**:

1.      The stipulation to grant conditional class certification, as set forth above, is **GRANTED**;

2.      The notice, consent form and reminder notice, attached to the stipulation[1] (Doc. 37) as Exhibits A, B and C, are **APPROVED**;

3.      The motion to dismiss (Doc. 33) is **WITHDRAWN**;

///

///

///

---

[1] The exhibits were not attached to the proposed order.  However, the Court has reviewed the documents filed with the stipulation.

LITTLER MENDELSON, P.C.
650 California St.
20th Floor
San Francisco, CA 94108
415.433.1940

STIPULATION WITHDRAWING MOTION TO
DISMISS; ~~PROPOSED~~ ORDER THEREON          5.          Case No. 14-1790-JLT

1

2

  4.       The motion to certify class (Doc. 31) is terminated.

3   IT IS SO ORDERED.

4   Dated:  __MAY 1, 2015__                    ____/s/ **Jennifer L. Thurston**

5                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California St.
20th Floor
San Francisco, CA 94108
415.433.1940

STIPULATION WITHDRAWING MOTION TO
DISMISS; ~~PROPOSED~~ ORDER THEREON                    6.                    Case No. 14-1790-JLT