# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE A. VEGA, as an individual, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>WEATHERFORD U.S., LIMITED PARTNERSHIP, et al.,<br><br>        Defendants. | Case No.: 1:14-CV-01790- JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline:  12/11/2015<br><br>Class Discovery Deadlines:<br>    Initial Disclosures:  10/9/2015<br>    Non-Expert:  2/29/2016<br>    Expert:  3/25/2016<br>Mid-discovery status conference: 12/17/2015, 9 a.m.<br><br>Class Certification Motion Deadlines:<br>    Filing: 4/29/2016<br>    Opposition: 5/27/2016<br>    Reply brief: 6/17/2016<br>    Hearing: 7/21/2016 at 9 a.m. |

## I.     Date of Scheduling Conference

September 28, 2015.

## II.     Appearances of Counsel

Hernaldo Baltodano and Paul Haines appeared on behalf of Plaintiff.

Sophia Behnia appeared on behalf of Defendants.

## III.     Pleading Amendment Deadline

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **December 11, 2015**.

1

**IV.**   **Class Discovery Plan and Cut-Off Date**

To the extent they have not been completed as yet, the parties **SHALL** exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **October 9, 2015**.

**A.**   **Outstanding data requests**

**No later than November 30, 2015**, Defendant will produce timekeeping and payroll records in their electronic native format which exist for Defendants' non-exempt employees in California during the putative class period, with employee names redacted but with employees identified with an unique employee identification numbers.

**No later than November 13, 2015**, Defendant **SHALL** provide Plaintiffs an estimate of the number of timekeeping and payroll records maintained in paper format.

**No later than December 11, 2015,** Defendant **SHALL** provide the timekeeping and payroll records maintained in paper format.[1]

**No later than September 25, 2015**, Defendants will request that the claims administrator prepare a class list for Plaintiffs' Fair Labor Standards Act claim, reflecting the individuals who have opted into the action, including any late opt-ins.

Based upon these deadlines, the motion to compel, currently set on December 14, 2015, is **DROPPED from calendar**.  Whether the motion needs to be refiled may be discussed at the mid-discovery status conference the Court sets herein.

**B.**   **Class discovery deadlines**

The parties are ordered to complete all discovery pertaining to non-experts and experts related to class discovery on or before **February 29, 2016**, and all discovery pertaining to experts on or before **March 25, 2016**.

The parties are directed to disclose all class expert witnesses, in writing, on or **February 5, 2016**, and to disclose all rebuttal experts on or before **March 4, 2016**.  The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.  Failure to designate experts in

---

[1] Defendant will provide the "paper documents" either in paper form or in an electronic format.  If the number of paper documents comprise a significant number, counsel SHALL work together to develop an acceptable sampling protocol.

compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The Court sets a mid-discovery status conference is on for **December 17, 2015** at 9:00 a.m. A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one full week prior to the Conference, and shall be e-mailed, in Word format, to JLTorders@caed.uscourts.gov. The joint statement **SHALL** outline the status of Defendants' production of the electronic and paper format timekeeping and payroll records, the discovery that has been completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order. Counsel may appear via CourtCall, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five court days before the noticed hearing date.

**V.      Pre-Trial Motion**

Non-dispositive motions are heard at 9:00 a.m. at the United States District Courthouse in Bakersfield, California, before the Honorable Jennifer L. Thurston, United States Magistrate Judge. Counsel may appear by telephone via the CourtCall service.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the

moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge.  It shall be the obligation of the moving party to arrange and originate the conference call to the court.  To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov.  **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

## VI.   Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and **SHALL** provide a complete, proposed statement of undisputed facts **at least five days** before the conference.  The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

**In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and**

**confer.  Failure to comply will result in the motion being disregarded and dropped from calendar.**

## VII.    Motion for class certification

The motion for class certification **SHALL** be filed no later than **April 29, 2016**. Opposition to the motion **SHALL** be filed no later than **May 27, 2016**. Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL** be filed no later than **June 17, 2016** and shall not exceed 15 pages, exclusive of evidentiary objections. Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[2] A hard-copy, courtesy copy of all filings related to the class motion **SHALL** be sent via overnight mail to the Chambers of Judge Thurston at the United States Courthouse, 510 19th Street Suite 200, Bakersfield, CA 93301, at the same time the filing is submitted. All of the pages of evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

The hearing on the motion for class certification is set on **July 21, 2016**, at 9:00 a.m. before Judge Thurston.

## VIII.    Settlement Conference

The parties indicate they may engage in mediation with a private neutral.  If the parties believe the matter is in a settlement posture and desire a settlement conference, they may file a joint request that the Court schedule a settlement conference.

## IX.    Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

///

---

[2] No motions to strike evidence will be entertained. If the Court sustains an objection to a piece of evidence, the evidence will not be considered.

**X.**     <u>**Effect of this Order**</u>

    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

    <u>**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.**</u>  **Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

    Dated:   <u>**September 28, 2015**</u>         <u>**/s/ Jennifer L. Thurston**</u>
                                        UNITED STATES MAGISTRATE JUDGE