1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 STEPHANIE A. VEGA, as an individual, and on behalf of all others similarly 12 situated, | Case No.  1:14-cv-01790 JLT |
| 13 Plaintiff, | **ORDER GRANTING STIPULATION TO STAY THE MATTER** |
| 14 v. | (Doc. 55) |
| 15 WEATHERFORD U.S., LIMITED PARTNERSHIP, et al., | |
| 16 | |
| 17 Defendants. | |

18

19      In this action, Plaintiff seeks to impose class-based liability based upon her claims Defendant

20 committed various Labor Code violations, including failing to pay overtime wages, failing to

21 provide timely meal periods and failure to provide all rest breaks.  (Doc. 44 at 5-7)  The parties have

22 agreed to attempt to resolve this matter through a private mediation they have scheduled in March

23 2016.  (Doc. 55 at 2)  Though the parties have agreed to conduct informal discovery to facilitate the

24 mediation efforts, they agree to suspend formal discovery, presumably to preserve resources.  Id.

25      A district court has the inherent power to stay its proceedings.  This power to stay is

26 "incidental to the power inherent in every court to control the disposition of the causes on its docket

27 with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American

28 Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077

1    (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to

2    manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).

3    This is best accomplished by the "exercise of judgment, which must weigh competing interests and

4    maintain an even balance." Landis, 299 U.S. at 254–55.  In determining whether a stay is warranted,

5    courts consider the potential prejudice to the non-moving party; the hardship or inequity to the

6    moving party if the action is not stayed; and the judicial resources that would be saved by

7    simplifying the case or avoiding duplicative litigation if the case before the court is stayed. CMAX,

8    Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

9         The Court finds the parties' resources as well as the Court's resources would be preserved if

10   the matter was stay pending the mediation.  Moreover, the Court is unaware of any hardship or

11   inequity that would result thereby.  Consequently, the Court will **GRANT** the stipulation. (Doc. 55)

12                                     **ORDER**

13      1.      The stipulation of the parties to stay this matter (Doc. 55) is **GRANTED**;

14      2.      No later than **April 22, 2016**, counsel **SHALL** file a joint status report setting forth

15   the outcome of the mediation and detailing whether the Court should lift the stay.

16

17   IT IS SO ORDERED.

18    Dated:    **November 5, 2015**              **/s/ Jennifer L. Thurston**

                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR LEAVE TO FILE A
FIRST AMENDED COMPLAINT

Case No. 1:14-cv-01790---JLT